## Commonwealth v. Gunsallus

*Donna Rae, assistant district attorney,* for the commonwealth.

*Frederick D. Lingle,* for defendant.

BROWN, *P.J.,* March 6, 1989 — Defendant was charged with driving under the influence following an accident on November 13, 1988. The complaint was filed by Officer J.G. Wolfgang of the Lock Haven City Police Department. Defendant was charged under both section 3731(a)(1) and (a)(4), i.e., he was incapable of safe driving and his blood-alcohol level was 0.25 percent.

Defendant has filed an omnibus pretrial motion in which he has raised several issues. The matter being addressed in the current opinion is his contention that the district attorney should be removed from prosecuting the case based upon a conflict of interest. The district attorney had denied such a conflict but has assigned an assistant district attorney to prosecute the matter.

Essentially defendant has pointed to the fact that the district attorney is presently representing defendant's ex-wife in a divorce proceeding to no. 181 April term 1978. A contempt hearing is scheduled in that matter for May 23, 1989 based upon a petition filed by the ex-wife against defendant. That divorce action was concluded several years ago. However, following a remand by the Superior Court relating to the distribution of defendant's pension, this court issued an order on October 25, 1988 requiring defendant to pay his ex-wife $8,118.96 plus interest unless he elected to pay that sum over a six-year period at a rate of $200 per month. Defendant was given 60 days to elect one of these options. If the time-payment option was selected it

was to have been accompanied by a QDRO having his ex-wife paid from his pension and also designating her as primary beneficiary of his life insurance to the extent of her equitable distribution share plus interest.

The ex-wife's contempt petition was filed on February 9, 1988. It alleged defendant had failed to exercise either option of payment. She has requested the court to find him in contempt, to order the use of the QDRO option on the basis that defendant cannot afford the lump-sum payment route, and to require defendant to pay her counsel fees.

In partial support of his position defendant has cited *In re Anonymous No. 72 D.B. 82,* 27 D.&C. 3d 243 (1983). The respondent in those disciplinary proceedings was representing a criminal defendant's wife in pending divorce proceedings. Respondent had advised defendant's wife to change the name on a joint checking account held with defendant. Thereafter the defendant wrote three checks on the account signing his own name. Respondent then as district attorney personally approved a private criminal complaint against the defendant, attended the preliminary hearing on behalf of the commonwealth, and was successful in having the case bound over to court on forgery charges. Thereafter respondent assigned the matter to an assistant district attorney who after reviewing the evidence moved for a nol pros which was granted.

Under these circumstances the district attorney was found by the board to have violated D.R. 5-105(B) dealing with continuing multiple employment when his independent professional judgment would have been or was likely to have been adversely affected, or it would have been likely to have involved him in representing differing interests.

The board relied on the latter aspect of the rule for its conclusion finding that the respondent's private client's interests in obtaining a divorce or securing her own assets was different from that of a district attorney charged with protection and administration of the criminal laws of the commonwealth.

The board also concluded that the respondent violated D.R. 7-103(A) dealing with a public prosecutor instituting or causing to be instituted criminal charges which he knew or it was obvious were not supported by probable cause. Here the board concluded that the defendant's actions as a matter of law did not constitute forgery, and the respondent knowingly and willfully approved the charges without out probable cause to gain an advantage for his client.

The facts of *In re Anonymous No. 72 D.B. 82, supra,* are similar to the facts in the present case in only one respect. The district attorney is representing defendant's ex-wife in a divorce proceeding. However, there are several differences which are of some significance. Most important of these is the fact that the underlying charge of driving under the influence is not remotely related to the subject matter of the divorce action. It is difficult to perceive any advantage that would enure to defendant's ex-wife out of any conviction. Also the district attorney had nothing to do with initiating the present charges. They were filed by a police officer as a result of an accident and his accompanying investigation. This includes a blood-alcohol level reading of 0.25 percent. One could not reasonably make the assertion that the case lacks probable cause based on the few facts now known about the case.

Pennsylvania is a jurisdiction which permits the county district attorney to maintain a private law practice. This can create situations where conflicts

of interest are bred, and the court should keep a vigilant eye toward preventing them. The concept of a full-time district attorney which has been given statutory authorization is available to county officials. However, they have thus far neglected to adopt the full-time concept. Such a choice would go a long way toward eliminating any questions about such matters as conflicts of interest.

The court is not aware of any absolute rule which prohibits a district attorney from representing in his private practice a client who has an interest adverse to a defendant in a criminal proceeding when that adverse interest is not intertwined with the subject matter of the criminal prosecution. It may well be in some instances as defendant argues that the district attorney will not be able to exercise his independent prosecutorial judgment because of his representation of his other client. The court cannot see what may or may not be in the district attorney's or anyone else's mind at any given time.

The circumstances with respect to the divorce proceedings between defendant and his ex-wife do not manifestly demonstrate any matter that should cloud the district attorney's judgment. The issues to be resolved in the upcoming contempt hearing are basically within the court's discretion if in fact defendant has failed to comply with the court's prior order. The parties' rights in the proceeding have been fixed by the court, and the district attorney can secure no advantage in the proceeding based upon what occurs in the present criminal case. For the same reason the court does not find it likely that the district attorney could use the present proceedings as a form of unfair pressure to secure defendant's consent to a particular course of action in the divorce proceeding. The district attorney has indicated that the criminal charges have been turned

over to the assistant district attorney who has complete discretion over how they are handled. While that would be of little consequence if in fact there were a conflict of interest, in a case such as this where there is not an obvious conflict such a method of proceeding should assure that the prosecuting attorney will exercise the appropriate degree of prosecutorial discretion to see that justice is served.

The court has considered defendant's suggestion that the prosecutorial judgment with regard to some disposition other than trial may be impaired, whether that be the judgment of the district attorney or of an assistant. One such disposition might be ARD. However, an ARD disposition would not be legally possible because defendant has had several prior driving under the influence convictions within the past seven years and would thus be statutorily precluded from such a disposition. Likewise, any plea agreement that could be extended by the prosecution would be circumscribed by the mandatory minimum sentences that would attach to defendant's prior record. Even if a plea agreement were submitted to the court which attempted to hinge a recommended sentence to the mandatory minimum imprisonment sentence, the court is uncertain that it could consider such an arrangement. Thus the prosecution's discretion with respect to an agreed-upon plea relating to a recommended sentence is almost non-existent, and it is doubtful that defendant is likely to be unfairly treated by the lack of such an opportunity.

Finally, as pointed out by the district attorney, defendant has been prosecuted several times in the past for this offense while the district attorney's representation of defendant's ex-wife was extant. At no time in these prior proceedings has defendant

requested removal of the district attorney based upon a conflict of interest. In these past proceedings the court notes that defendant was able to negotiate plea agreements with the district attorney thus negating any notion of a conflict of interest or prejudice against defendant.

The issue presented by defendant is not susceptible to a crystal-clear resolution. The nuances of all of the circumstances are perhaps open to ominous inferences, but on balance the court after reflection believes that a conflict of interest does not exist. There has been probable cause for the filing of the charges. There is no obvious inference that the manner in which the charges have been or will be prosecuted is devoid of proper prosecutorial independence and discretion. Thus the court concludes that removal of the district attorney or his assistant is not required.

## ORDER

And now, March 6, 1989, based upon the foregoing opinion, it is hereby ordered that defendant's motion to remove district attorney be dismissed and the requested relief be denied.